IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLAND MORIN, TERESA MORIN LIRA, | § § § § § § § § § § § § § § | |
| *Plaintiffs,* | | 5:24-CV-00674-FB-RBF |
| vs. | | |
| CITIMORTGAGE, INC., | | |
| *Defendant.* | | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion to Dismiss. *See* Dkt. No. 7. All pretrial matters in this action have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Defendant's motion should be **GRANTED**.

#### Factual and Procedural Background

Plaintiffs Roland Morin and Teresa Morin Lina originally sued in the 438th Judicial District Court of Bexar County, Texas, on May 3, 2024, bringing a breach-of-contract claim and seeking injunctive relief. *See* Dkt. No. 1-4 (Plaintiffs' Original State Court Petition). Plaintiffs allege that their lender, CitiMortgage, Inc., breached the Deed of Trust and, on this basis, Plaintiffs seek injunctive relief to halt a foreclosure on property subject to the Deed of Trust. On

June 17, 2024, Defendant CitiMortgage, Inc., filed a notice of removal in this Court, to which Plaintiffs did not object. Dkt. No. 1

CitiMortgage filed a motion to dismiss on July 3, 2024. *See* Dkt. No. 7. At an initial pretrial conference held on August 13, 2024, Plaintiffs' counsel represented to the Court that Plaintiffs were unaware of Defendant's motion and that he would ascertain whether Plaintiffs wanted to file a response to the motion. *See* Dkt. Nos. 13. On the record at the initial pretrial conference, the Court ordered Plaintiffs to submit a motion or advisory to the Court within three days, including a motion for an extension of time to respond to the motion to dismiss, if desired. *Id.*; *see* Dkt. No. 16. This deadline passed with no word from Plaintiffs. On August 29, 2024, the Court ordered Plaintiffs, within three days, to seek an extension of time to respond to the motion and show cause for Plaintiffs' failure to timely respond and failure to comply with the Court's August 13, 2024, instructions. Dkt. No. 16. The Plaintiffs again failed to respond.

As advised in the Court's Order to Show Cause, Dkt. No. 16, the Court now takes up Defendant's Motion to Dismiss on its merits, without a response from Plaintiffs. The Court also takes up Plaintiffs' failure to comply with Court orders, a topic addressed and warned about in the Court's August 29 order. *See* Dkt. No. 16 ("Given the case's history, if no responsive advisory or motion is filed, the Court may also recommend dismissal of the case for want of prosecution.").

**Analysis**

Rule 12(b)(6) allows a party to move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In reviewing the motion, the Court must and will "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation marks omitted). The Court, however, need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court does not consider evidence outside the pleadings and documents attached to them, except for documents that are attached to a motion to dismiss or response that are referred to in the live complaint and are central to it. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). Here, the Court considers the Deed of Trust attached to Defendant's Motion to Dismiss, as it is referred to in the live complaint and central to Plaintiff's claims. *See* Dkt. No. 7 (Mot.) & 7-1 (Deed of Trust).

### A.     Plaintiffs Fail to State a Claim for Breach of Contract.

Taking the facts alleged in the live complaint as true, *see* Dkt. No. 1-4, Plaintiffs' complaint sufficiently states a plausible claim for breach-of-contract under Texas law only if it satisfies the elements of a breach-of-contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Here, Plaintiffs plead, as to the first element, that their Deed of Trust is a "contract that manages the

3

relationship of the parties," and the Court finds no obvious error that renders the Deed invalid. *See* Dkt. No. 1-4 at § 19. However, Plaintiffs' claim fails at the second element.

A party suing for breach must perform its contractual obligations or stand ready to perform them to recover for another party's breach. *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). Plaintiffs concede that they have breached the Deed of Trust, which requires monthly payments of their principal and interest, by falling behind on their payments. Dkt. Nos. 7-1 at § 1; 1-4 at § 8. Therefore, Plaintiffs have not performed under the Deed nor plausibly alleged that they have tendered performance.

But a party can be excused from performing if the other party materially breached the agreement first. *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.* 134 S.W. 195, 196 (Tex. 2004). Whether a breach is material is a fact-specific inquiry, with factors to evaluate materiality, including the extent to which the injured party will be deprived of the benefit reasonably expected and the extent to which the injured party could be adequately compensated for the benefit deprived. *See id.* at 199.

Plaintiffs allege that, because Defendant previously "accepted" when Plaintiffs ran behind on payments, Defendant modified the course of conduct. Dkt. No. 1-4 at § 19. Under Plaintiffs' theory, Defendant has now breached the contract by no longer accepting a delay in Plaintiffs' payments. *Id.* However, Plaintiffs' Deed of Trust expressly contemplates that "forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. No. 7-1 at § 11. On the terms of the contract alone, Defendant's prior forbearance cannot plausibly be alleged to have established a new course of conduct that bars Defendant from exercising rights under the Deed. *See Johnson v. Matrix Fin. Servs. Corp.*, No. 5:22-cv-01250-OLG, 2024 WL 4527315 at *2 (W.D. Tex. June 26, 2024)

(dismissing a remarkably similar claim to this one, which alleged that prior excuse of late mortgage payments modified the course of conduct under a note and deed of trust). Therefore, Plaintiffs have not plausibly alleged that they are excused from performance and have not made the showing necessary to support a breach of contract claim.

### B.   Plaintiffs Fail to State a Claim for Injunctive Relief.

Because Plaintiffs' substantive claim should be dismissed, Plaintiffs' request for injunctive relief is also subject to dismissal. "Injunctive relief requires a viable, independent substantive cause of action." *Pittard v. CitiMortgage, Inc.*, No. 5:18-cv-1181-OLG, 2019 WL 13235676 at *3 (W.D. Tex. May 22, 2019) (citing *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n. 15 (5th Cir. 2012).

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, Dkt. No. 7, be **GRANTED**.[1]

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

---

[1] Moreover, even were the Court inclined to find Plaintiffs pleaded a plausible contract claim, the Court would still recommend dismissal (albeit not on the merits) for Plaintiffs' failure to prosecute the case. *See* Dkt. No. 16. But because the Court has taken up the motion to dismiss on the merits, dismissal here should be substantive.

5

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

SIGNED this 3rd day of December, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE